IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00192-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNATHAN JAMES LOVATO,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on May 15, 2018. The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. Lastly, I have considered the proffers submitted by the

government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) & 846;

Counts 4 and 6: 21 U.S.C. §§ 843(b) and 843(d); and,

Counts 5 and 7: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2.

Second, I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and (f) based upon the charges brought in the Indictment.

Third, I find that probable cause exists that defendant committed the above crimes charged in the Indictment.

Fourth, I find that defendant is in a relationship with Jessica Rico and they are expecting a child together.  Defendant has two minor children from his relationship with Brianna Vigil.  Defendant's mother, Margaret Ramos, has informed Pretrial Release that defendant cannot reside with her. Defendant is unemployed and has been unemployed for several years. JABS indicates that defendant suffers from Hepatitis C but defendant denies that he is taking any medication for Hepatitis C.  Defendant has used Heroin and Oxycodone in the past.  Defendant admits using Heroin daily, last using it three days ago.  He began using Heroin and Oxycodone at age 14.  Defendant has been in inpatient drug treatment at Arapahoe House in the past.  Defendant does not have a valid Colorado Driver's License.  Defendant has used at least one alias name, one alias date of birth, and one alias social security number in the past.  Defendant does not have any assets.

Defendant has suffered adult convictions for Destruction of Private Property (misd.); Shoplifting (misd.); First Degree Trespassing of a Dwelling (felony); Second Degree Forgery (misd.); Attempted Theft Under $500 (misd.); Pawnbroker- False Information by

Seller (felony); Possession of a Schedule I and II Controlled Substance (felony); Possession of a Defaced Firearm (misd.); Registration -Misuse of Plates (traffic); and Careless Driving (traffic).  Defendant has committed new criminal offenses while on supervision.  Defendant has had his probation, community corrections sentence, and parole revoked on multiple occasions. Defendant has absconded from parole on multiple occasions. Defendant's probation has been terminated as non compliant in the past.  Defendant has been AWOL from parole in the past. Defendant has failed to rebut the rebuttable presumption of detention.

     In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure his presence in court.  Accordingly, I order that the defendant be detained without bond**.**

     Done this 15th day of May, 2018.

                        BY THE COURT

                        <u>S/ Michael J. Watanabe</u>
                        Michael J. Watanabe
                        U.S. Magistrate Judge